| UNITED STATES DISTRICT COURT | SOUTHERN DISTRICT OF TEXAS |
|---|---|

GERALD FRANKLIN, §
§
       Plaintiff, §
§     CIVIL ACTION H-04-844
*versus* §
§
§
BOEING COMPANY, §
§
       Defendant. §

# Opinion on Summary Judgment

1.    *Introduction.*

An engineer sued his employer for race discrimination. He claims that it denied him a promotion and raise because he is black. His employer denies that its decisions were based on his race. Because no evidence shows that they were, the employer will prevail on its motion for summary judgment.

2.    *Background.*

In 1996, Gerald Franklin went to work for the McDonnell Douglas Corporation. Boeing acquired McDonnell Douglas. Franklin shifted to a different department in 2000. Chris Byrne, who is white, was his supervisor there. In March 2002, James Purcell became Byrne's supervisor. Purcell is also white.

Franklin claims that Byrne yelled at him after he coordinated a task with two employees of Boeing's client, NASA. During his mid-year performance review in June 2002, he says that they argued again about the same incident. He blames Purcell.

Byrne left in the fall of 2002. Purcell posted the vacancy, and 92 people applied for it, including Franklin. Purcell's posting listed several requirements – a degree in engineering, computer science, mathematics, or physics; two years of management experience; and 10 years of experience in avionics and software. Human resources screened the applicants using these qualifications.

Franklin survived the cut, but Purcell interviewed three white candidates instead of him. Boeing posits that they were more qualified. Franklin says that he did not get interviewed because he is black.

In March 2003, Purcell approved a 1.8 percent annual raise for Franklin – less than in previous years. Boeing claims that his raise suited his performance. Franklin claims that he got a smaller raise because he is black.

In April 2003, Purcell recommended Franklin for a transfer. Franklin agreed to remain in Purcell's group until Sheri Mutchler, a white person who had been in the group earlier, replaced him. Franklin claims that Purcell transferred him to avoid making a black person the group lead.

3.   *Promotion.*

Boeing says that it promoted a white engineer to Byrne's vacancy instead of Franklin because he was more qualified. Franklin must show that Boeing's explanation for rejecting him is (1) false – only a pretext for inferred discrimination – or (2) true, yet accompanied materially by a prohibited motivation. *Rachid v. Jack in the Box, Inc.*, 376 F.3d 305, 312 (5th Cir. 2004).

Shifts in the burden of production do not preclude summary judgment in discrimination cases; see *Kline v. Tenn. Valley Auth.*, 128 F.3d 337, 343-47 (6th Cir. 1997). Summary judgment is proper where the plaintiff's evidence would convince no reasonable jury that he was the victim of discrimination. Franklin must show that there is a genuine issue of material fact that he was; facts are required – not claims, assumptions, or beliefs.

   A.   *Pretext.*

Franklin has no evidence of pretext. Although "a plaintiff's prima facie case combined with evidence that the employer's stated reasons are false can be sufficient grounds to support a verdict for a plaintiff," *Manning v. Chevron Chem. Co., LLC*, 332 F.3d 874, 885 (5th Cir. 2003)(Dennis, J., concurring), conclusory accusations supported by no evidence do not. Franklin cannot connect Purcell's failure to promote a black person to manager during his 13 years with Boeing to evidence of a racial discrimination.

   (1).   *Qualifications.*

Purcell cannot remember reading the resumes of the two blacks who applied – Darryl Smith and Franklin. He knew Franklin, and he said that he would not do the job as well as three other candidates. He said that he did not interview Smith for the same reason. He said he said that he interviewed Peter Sardelich, Mark Larsen, and Jeff Hicks because they had "demonstrated superior leadership and communications skills."

As with Franklin and Smith, he did not look at Larsen's or Sardelich's resumes. He said that he liked Sardelich's reputation and ability to communicate. He said that he had been impressed with Larsen's ability to communicate. He says that Hicks's resume described impressive leadership and communications skills.

Franklin argues that Purcell's focus on leadership and communication was an impermissible change from the criteria in the job announcement. He is wrong. Franklin and the interviewees met the same objective criteria, as shown by their inclusion on the pool of applicants that human resources gave to Purcell. *cf. Medina v. Ramsey Steel Co., Inc.*, 238 F.3d 674, 681, 682-83 (5th Cir. 2001).

Purcell's focus on leadership and communications skills *after* human resources screened the 92 applicants was subjective but permissible. Judging applicants is unavoidably subjective. Purcell's perceptions of the applicants' abilities do not demonstrate pretext unless no reasonable person would have chosen Sardelich, Larsen, or Hicks over Franklin. *Deines v. Tex. Dep't of Protective and Reg. Serv.*, 164 F.3d 277, 280-81 (5th Cir. 1999). Franklin has no evidence that a reasonable person would. At best, he claims to have equivalent qualifications, and equivalence supports no claim.

(2).   *Franklin*.

Franklin must show that the differences between his skills and theirs "are so apparent as to virtually jump off the page" – generally, a court does not perform a record review to identify who it might have selected, replacing its "views for those of the individuals charged with the evaluation duty by virtue of their own years of experience and expertise in the field in question." *Odom v. Frank*, 3 F.3d 839, 847 (5th Cir. 1993).

Franklin has a degree in computer science, has taken some other computer courses, and had managed his wife's medical practice for about a year. Purcell admitted that he had never directly seen Franklin's work, but he said that he had heard that Franklin had refused to do an assignment from Byrne. Franklin disagrees. He said that another group that did only that type of work should have been given the task. Without telling Byrne, Franklin and another engineer from his group spoke to Byrne's NASA counterpart, Bill Panter, about which group should do it.

When they told Byrne about their conversation with Panter, Byrne accused Franklin of going over his head. He yelled at him about the incident during his mid-year performance assessment.

Panter later gave Franklin an award on behalf of NASA. Franklin claims that the award shows that he was qualified for the promotion than Hicks. He is wrong. He got it after Hicks was promoted. Even if it had come earlier, the actions that Panter

recognized with it were the same actions that had upset Byrne and Purcell. Panter's esteem of Franklin is not evidence that Franklin was more qualified than Hicks.

### (3). *Hicks.*

Even if Sardelich and Larsen had been less qualified than Franklin, Franklin was not was clearly more qualified than Hicks. Hicks had worked for five years as a lead test engineer and team leader. He had taken courses in systems management and communications. He had also served nearly two decades in the Army, where he had developed information systems programs and earned a bronze star for his service in Desert Storm.

Although his degree was in agriculture instead of one of the degrees listed in the requisition, Purcell said that he relied on Boeing's previous decision to hire him as an engineer as evidence of his technical training. Similarly, although he had eight instead of 10 years of experience with software, he had worked for over 10 years with hardware and software combined.

Hicks was initially eliminated by human resources "for other job related reasons." Franklin says that Purcell had to re-classify him because he had already cut the most qualified candidates for being non-white. During his deposition, Purcell said that he "immediately" eliminated three whites and the only three non-whites. A list from human resources shows, however, that two of the three whites were "pending" for at least six hours after Purcell excluded the non-whites.

Franklin claims that the conflict between Purcell's deposition and the human resources list creates a material issue of fact about whether he immediately struck all of the non-whites. It does not; the discrepancy is not enough to support his allegation of pretext. He can only show that they were eliminated after six hours.

Even if Purcell had waited longer than six hours to eliminate the two white engineers, their longevity on the list earned them nothing more than what he got – no promotion. The law does not require regularity in Boeing's promotion process. Boeing can viciously manipulate the system as long as it promotes without considering race. Franklin has no evidence that Purcell's re-classification of Hicks was based on race.

### (4). *"Worthless" Group.*

Franklin says that Purcell should have interviewed him because human resources told Purcell that he was "expected to thoroughly review all internal applications forwarded to him." When read in context, the human resources message shows that Purcell had to get permission before he offered the job to an applicant from outside of

Boeing. It does not show that Boeing required him to give preference to employees within Franklin's group.

Franklin says that Purcell had told a member of Franklin's group that that it was a "worthless" group. At the time that he was supposed to have said this, the group included two whites, and Purcell was a member of another group that had developed a petty rivalry with Franklin's before Franklin arrived, while he was there, and after he transferred. By Franklin's admission, insults from the other group were not directed to him. Even if Purcell had made stray remarks about the group in the past, Franklin admits that none of them were about race or even him as an individual.

      B.    *Mixed Motive*.

Franklin cannot show that Purcell had anti-African-American views that played a part in his failure to get the promotion. Even if he could, the only reasonable conclusion that a jury would make is that Boeing would have promoted Hicks anyway. He was not clearly more qualified than Hicks. "If the employee proves that discrimination was *a* motivating factor in the employment decision, the burden again shifts to the employer, this time to prove that it would have taken the same action despite the discriminatory animus." *Richardson v. Monitronics Int'l, Inc.*, 434 F.3d 327, 333 (5th Cir. 2005). Boeing's evidence overcomes Franklin's conclusory accusations.

4.    *Raise*.

Franklin claims that no white engineers indirectly supervised by Purcell in 2002 got a smaller raise than he did. Boeing argues that the court cannot address his raise because it was not in his charge to the commission. Boeing is wrong; it is justiciable as part of a continuing series of actions.

Boeing also accuses Franklin of lying when he claimed that he got a smaller raise because he had no direct evidence of it when he made his claim. It is wrong. Franklin guessed that he got less; he made an unsupported claim.

In fact, Boeing cannot support its own claim that it gave lower raises to white engineers because it gave the court conflicting facts about its demographics. It said that Purcell was responsible for 16 engineers at Franklin's level and that he approved raises smaller than Franklin's for two white engineers. It also told the court, however, that Purcell was responsible for 18 engineers at Franklin's level and that he approved lower raises for three white and one Asian engineer. Boeing's point is lost in its sloppy data.

Assuming that Franklin did get less than the white engineers, Boeing says that his raise was appropriate for the 2003 raise pool and his performance reviews. It also says that Franklin has no evidence of pretext. It is right.

The evaluation that Byrne had given Franklin in 2002 was the best that he had ever earned. The 2003 evaluation that he got after Purcell began supervising his managers was his worst. Hicks, who had been in the group only a few months, wrote it with input from Franklin's team leader and Purcell.

Franklin's team leader, the same engineer who went with him to speak to Panter, gave him high marks. Franklin suspects that Purcell did not do the same because of his argument with Byrne. He is probably right. An award from NASA for the same act that angered his supervisor does not help his claim. He cannot show that getting a lower evaluation for the year in which he argued twice with his manager is racial discrimination.

5.   *Group Lead.*

Franklin claims that Purcell transferred him so that he could avoid making a black person the group lead. Mutchler – a white woman – transferred in and he transferred out in May 2003, less than three months after he got his worst evaluation at Boeing. Purcell says that he had to name Mutchler the lead to convince her to return to the group. The label made her the practical leader for the group, but she got no additional pay. It was not a promotion; she gained no material advantage over Franklin.

Franklin says that Purcell should have posted the position. Boeing contends that its managers can fill a position with a transfer without posting. Even if Purcell had posted it, Franklin cannot show that he would have gotten it. Hicks, who had given him his worst evaluation, would have had to concur in the decision to offer him the lead.

As Franklin admits, a Boeing manager is not obligated to give his employees incentives to prevent them from transferring. Even if Purcell had offered him the lead, Franklin could not have accepted it because he had already accepted the transfer. Franklin's complaint about not being made the group lead is illustrative of all of his claims against Boeing – somebody else got something that he wants and subjectively believes that he deserves even though he has placed himself in no position to get it.

6.   *Section 1981 Claim.*

For the same reasons that his racial discrimination claims fail, Franklin's section 1981 claims also fail.

7. *Conclusion.*

Franklin cannot show that Boeing's actions were based on his race.  He embarrassed his manager.  His manager's supervisor promoted a person over whom he was not clearly more qualified, approved a raise smaller than in the previous year, and offered him no incentive to remain in his organization.  Boeing did not discriminate against Franklin.

Signed June 16, 2006, at Houston, Texas.

_____
Lynn N. Hughes        USDJ
United States District Judge